FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 APR 19 A 9 58

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ROBERTO RAMON MINCEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 110-142 |
| | ) | |
| Deputy Warden CONELY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Macon State Prison in Oglethorpe, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983.[1] Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

## I. BACKGROUND

Plaintiff names the following Defendants in this action, all of whom are prison

---

[1] As explained more fully below, the events alleged in Plaintiff's complaint occurred at the Augusta State Medical Prison ("ASMP") in Grovetown, Georgia.

officials at ASMP: (1) Deputy Warden Conely; (2) Sergeant Harmon; and (3) Correctional Officer Taylor. (Doc. no. 1, p. 1.) Plaintiff alleges that on August 17, 2010, while incarcerated at ASMP, he was waiting to be shaved by an inmate barber, during which time he was seated in a barber chair with his hands cuffed behind his back. (Id. at 5.) According to Plaintiff, another inmate somehow escaped his cell during this time and made his way into the area where Plaintiff was waiting to be shaved. (Id.) Plaintiff alleges that the inmate attacked him with an open razor and a sock stuffed with a combination lock. (Id.) Plaintiff maintains that the assault lasted for five minutes and caused him to suffer a number of serious injuries. (Id.)

Plaintiff avers that Defendants Harmon and Taylor were assigned to the unit in which the assault occurred and that they "abandon[ed] their assigned post and left [Plaintiff] alone . . . and defenseless . . . ." (Id.) Plaintiff states that Defendant Conely is responsible for security at ASMP and complains that security was "non-existent" during the events giving rise to Plaintiff's claims. (Id.) Plaintiff seeks to hold Defendants liable under both § 1983 and "state tort claims of negligence." (Id. at 6.)

## II. DISCUSSION

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all inferences to be derived from the facts alleged, the Court finds that the complaint fails to state a claim upon which relief may be granted. The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement. Accordingly, a prison inmate has a constitutional right to be protected from violence and from physical assault by other inmates. Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (*per curiam*);

2

Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981). However, in order to state a viable claim concerning a constitutional right to be protected from violence and from physical assault by other inmates, the Eleventh Circuit requires, among other things, that Defendants have knowledge of a particular threat or fear felt by the plaintiff. Rodriguez v. Sec'y for the Dep't of Corr., 508 F.3d 611, 617 (11th Cir. 2007) (noting that an Eighth Amendment violation will occur when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk); Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003) (*per curiam*) (same). Furthermore, "merely negligent failure to protect an inmate from attack does not justify liability under § 1983." Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990). Stated another way, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." Farmer v. Brennan, 511 U.S. 835, 838 (1994).

Here, Plaintiff has not set forth allegations suggesting that Defendants were subjectively aware of any risk that Plaintiff would be assaulted. See Brown, 894 F.2d at 1537 (no liability for failure to protect an inmate where there was nothing to show "that any defendant was aware or should have been aware of a strong likelihood that the inmate] would be assaulted"). In other words, nothing in Plaintiff's complaint indicates that Defendants knew that Plaintiff's assailant might escape from his cell and assault Plaintiff. It is therefore apparent from Plaintiff's complaint that he seeks to hold Defendants liable for their failure to take actions to protect Plaintiff from a risk of which they were unaware. Stated otherwise, Plaintiff's claims against Defendants are premised on the theory that they were negligent in

3

performing their duty to provide security in the area where Plaintiff was attacked. However, prison officials cannot be liable for an assault by another inmate under § 1983 when they are not subjectively aware of any risk and their alleged failure to protect is the result of mere negligence. See Carter, 352 F.3d at 1349-50. Accordingly, Plaintiff has failed to state a § 1983 claim for failure to provide protection from an assault by another inmate.

Lastly, because Plaintiff has failed to state any viable federal claim, his remaining potential state law claims should also be dismissed because the Court lacks jurisdiction to entertain these claims. This Court derives its authority to decide Plaintiff's claims from 28 U.S.C. § 1331, which provides that district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, § 1367(c)(3) states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ." Id. § 1367(c)(3) (emphasis added).

The Eleventh Circuit has explicitly advised that a district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists:

> At this time, the case retains no independent basis for federal jurisdiction. . . . A proper resolution of the two state law causes of action will require a careful analysis of Alabama law--something the courts of Alabama are in the best position to undertake and, for reasons of federalism, should undertake. . . . We conclude that the district court should dismiss the state law claims

so that Appellee may pursue them in state court.

Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000); see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."); Rice v. Branigar Org., Inc., 922 F.2d 788, 792 (11th Cir. 1991) (recognizing that trial court's decision to exercise pendant jurisdiction over state law claims is discretionary).

Here, as the Court has determined that the claims serving as the basis for original federal court jurisdiction should be dismissed, the Court also concludes that any potential state law claims should be dismissed without prejudice so that Plaintiff may, if he chooses, pursue them in state court.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted, that Plaintiff's state law claims be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 19th day of April, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE