IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ROBERTO RAMON MINCEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 110-142 |
| | ) | |
| Warden CONELY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 10). Plaintiff objects to the Magistrate Judge's determination that he failed to state a claim under 42 U.S.C. § 1983 for Defendants' alleged failure to protect him from being physically assaulted by another inmate. (Id.) The Magistrate Judge reasoned that Plaintiff did not allege that Defendants were subjectively aware of any particular risk that Plaintiff would be assaulted. (See doc. no. 8.)

In his objections, Plaintiff attempts to address this pleading deficiency by asserting new allegations regarding Defendants' subjective awareness of the risk that Plaintiff would be assaulted. In particular, Plaintiff asserts that he was in administrative segregation at the time he was assaulted and that Defendants therefore should have known that he had been

"segregated from other inmates because of some threat or danger." (Id. at 3.) Additionally, Plaintiff argues that Defendants "knew that they had a professional responsibility and obligation to stay with Plaintiff and not to leave him unprotected . . . ." (Id. at 2.) Plaintiff requests that, rather than adopting the R&R, the Court allow him to amend his complaint to state a claim in consideration of the new allegations set forth in his objections. (Id. at 4.)

The Court is mindful that *pro se* litigants, such as Plaintiff, must generally be given at least one chance to amend the complaint before the court dismisses the action "where a more carefully drafted complaint might state a claim." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (*per curiam*) (quoting Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991)). However, under Fed. R. Civ. P. 15(a), a request to amend is properly denied if the requested amendment would be futile. See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) ("A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'" (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007))).

Here, the Court finds it inappropriate to allow Plaintiff to amend his complaint as requested because, even considering the new allegations in his objections in conjunction with those set forth in his complaint, Plaintiff has not stated a claim upon which relief may be granted. Defendants' general knowledge that Plaintiff was in administrative segregation is simply insufficient to establish that they are subjectively aware of a particular threat to Plaintiff's safety. Cf. Rodriguez v. Sec'y for the Dep't of Corr., 508 F.3d 611, 617 (11th Cir. 2007) (holding that plaintiff showed prison official was subjectively aware of particular threat to his safety where plaintiff verbally informed official on at least two occasions that

other inmates had threatened his life and submitted an "Inmate Request" form informing official of his concerns). Likewise, Defendants' purported failure to uphold their obligation as prison officials to protect Plaintiff from harm amounts to nothing more than "merely negligent failure to protect an inmate from attack," which has been held insufficient to "justify liability under § 1983." Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990). Because these new allegations are insufficient to state a claim, Plaintiff is not entitled to amend his complaint. Moreover, as Plaintiff has offered nothing that calls into question the conclusions set forth in the R&R, Plaintiff's objections are **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief may be granted, Plaintiff's state law claims are **DISMISSED** without prejudice, and this civil action is **CLOSED**.

SO ORDERED this 20th day of June, 2011, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA